IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JONATHAN-EMMANUEL: JACKSON,   )
                              )
          Plaintiff,          )
                              )
     v.                       )          CV 126-090
                              )
ROBERT L. MACK, et al.,       )
                              )
          Defendants.[1]      )

_____

**O R D E R**

_____

Plaintiff commenced the above-captioned case *pro se* by filing a civil cover sheet, (doc. no. 1), motion to seal, (doc. no. 2), and a letter to the Clerk of Court providing certain instructions, (doc. no. 4), and he has requested permission to proceed *in forma pauperis* ("IFP"), (doc. no. 3). Accompanying these filings were a "Verified Original Bill in Equity," numerous related exhibits, and a motion to proceed in equity, all of which Plaintiff seeks to seal in their entirety. Notably, Plaintiff's filings are rife with language often associated with the sovereign citizen movement. (See doc. nos. 1-4.) The Court discusses Plaintiff's filings below and provides instructions he must follow should he intend to pursue his case.

I.    **PLAINTIFF'S MOTION TO SEAL**

Pursuant to Local Rule 79.7, Plaintiff seeks to seal in their entirety his "Verified Original Bill in Equity," its corresponding exhibits, and a motion to proceed in equity. (Doc.

_____

[1] As discussed herein, Plaintiff did not file a proper complaint or otherwise list named Defendants. Nevertheless, for ease of reference, the Court uses the caption listed on the docket.

no. 2.)  Plaintiff explains the filings involve information concerning his minor children[2] and other alleged "private proprietary evidence" such as "private trust agreements, security agreements, UCC financing statements, common law copyright notices, and commercial records of the JONATHAN EMMANUEL JACKSON TRUST©." (Id. at 2.)  For the reasons discussed below, Plaintiff's motion is **DENIED**.

As an initial matter, in his instructions to the Clerk of Court, Plaintiff requests a ruling on the motion to seal before any of the described filings are opened.  (Doc. no. 4, p. 1.)  This request is impracticable.  The Court must review the filings themselves *in camera* to determine whether they should be sealed.

The public right of access to judicial records is well-established and extends to the inspection and the copying of court records and documents.  See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).  However, this right of access is not absolute.  BASF Corp. v. SNF Holding Co., Civil Action No., 4:17-cv-251, 2019 WL 2881594, at *4 (S.D. Ga. July 3, 2019) (citing Globe Newspaper Co v. Super. Ct. for Norfolk Cty., 457 U.S. 596 (1982)).  "When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal."  Id.  (internal citations omitted).  In balancing these interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

---

[2] In true sovereign citizen fashion, Plaintiff describes his minor children as "minor beneficiaries." (Doc. no. 2, p. 2.)  Despite this non-sensical label, what he actually means is clear.

2

Id.

Upon review, the Court concludes there are no significant interests raised by Plaintiff that warrant sealing any of these documents in their entirety. The documents are comprised of nonsense sovereign citizen jargon, not any legitimate proprietary or confidential information. Accordingly, the Court **DENIES** the motion to seal. (Doc. no. 2.) Because the Court orders Plaintiff to submit a complaint in accordance with the instructions set forth below in Section II, the Court **DIRECTS** the **CLERK** to return the undocketed filings to Plaintiff by U.S. Mail. However, the Court recognizes Plaintiff's minor children's full names are included on some of the pages of the documents sought to be sealed. Should Plaintiff again include information about his minor children in his complaint or other filings, he should refer to them only by their initials or otherwise redact their names.

## II.    PLAINTIFF MUST SUBMIT A COMPLAINT

Although Plaintiff purports to file a civil action, (doc. no. 1), he did not file a complaint. Instead, he submitted a "Verified Original Bill in Equity" and various other miscellaneous exhibits.

Under Federal Rule of Civil Procedure 8(a), Plaintiff must proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that he is entitled to relief, and (3) demanding judgment for the relief that he seeks. In the current form of the "Verified Original Bill in Equity," the Court cannot discern a valid basis for federal court jurisdiction because Plaintiff's claims are based on the non-sensical, consistently rejected jargon of the so-called "sovereign citizen" movement.[3]  For example, Plaintiff listed his name as "Jonathan-Emmanuel: Jackson, Trustee / Secured Party."  See Federal Bureau of

---

[3] Plaintiff's other filings suffer from these same defects.  (See doc. nos. 1-4.)

3

Investigation, Sovereign Citizen Quick Reference, https://info.publicintelligence.net/FBI-SovereignCitizenCourts.pdf (explaining indicators of sovereign citizen include signing documents with colon in name and claiming courts have no jurisdiction over them); last visited May 22, 2026.  The Court cautions Plaintiff that any attempt to utilize frivolous sovereign citizen litigation tactics will be flatly rejected.  See, e.g., Jackson v. Inch, 816 F. App'x 309, 311 (11th Cir. 2020) (per curiam) (citing United States v. Sterling, 738 F.3d 228, 223 n.1 (11th Cir. 2013) for proposition that "courts have repeatedly and 'summarily rejected [sovereign-citizen legal theories] as frivolous'"); see also Roach v. Arrisi, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) (recognizing "sovereign citizen theories have been found to be 'utterly frivolous' and 'patently ludicrous,' using 'tactics' that are a waste of their time as well as the court's time, which is being paid for by hard-earned tax dollars" (citation omitted)).  Plaintiff shall have one opportunity to submit a complaint and provide a valid basis for federal jurisdiction.

If Plaintiff wishes to proceed with this case, he **MUST**, within twenty-one days of the date of this Order, file a complete complaint using the form provided in accordance with the instructions in this Order, and include all matters he wishes the Court to consider in that one document.[4]  The complaint must be printed legibly, or typed, so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff.  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual or entity that Plaintiff is

---

[4] The Court **DIRECTS** the **CLERK** to enclose Form Pro Se 1, Complaint for a Civil Case, stamped with the appropriate case number, with Plaintiffs' service copy of this Order.

suing in the present lawsuit. Furthermore, the body of Plaintiff's complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in the complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to the complaint, Plaintiff shall not incorporate them by reference as a means of providing the factual basis for the complaint. For example, Plaintiff should not simply state, "See attached documents." The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in the complaint. Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into the complaint by reference. Moreover, Plaintiff shall submit only one complaint in accordance with the terms of this Order.

Therefore, Plaintiff shall state in the single complaint filed in accordance with the terms of this Order all claims that Plaintiff wishes the Court to consider as a basis for awarding the relief sought. Any reference to the sovereign citizen movement or reliance on arguments or principles of said movement will be deemed as non-compliance with the terms of this Order and serve as grounds for dismissal.

## III. MOTION TO PROCEED IFP

Plaintiff has requested permission to proceed IFP. (Doc. no. 3.) Because Plaintiff has provided incomplete and inconsistent answers to the questions on the IFP motion, the Court does not have sufficient information to determine whether Plaintiff should be allowed to proceed IFP.

Under penalty of perjury and having been warned that providing a false statement may result in dismissal of his claims, Plaintiff states he receives no wages and in the past twelve months, has not received any income from any source. (See generally doc. no. 3.)  He further states he has no money in a checking or savings account, owns no property or thing of value, and has no expenses for housing, utilities, or other regular monthly expenses. (Id. at 2.)  However, on his civil cover sheet, Plaintiff lists a phone number and an email address. (Doc. no. 1.)  The information provided rings false because it obviously costs money to live.

Leave to proceed IFP is discretionary with the Court, and that discretion is to be exercised so as not to deny a party access to the courts solely on account of financial standing. See Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a privilege, not a right.  See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993).  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request to proceed IFP. (Doc. no. 3.)  The Court **DIRECTS** Plaintiff to submit a new motion to proceed IFP within twenty-one days of the date of this Order.[5]

If Plaintiff wishes to proceed IFP in this action, he must fill out the attached IFP form and provide the Court with current, accurate, and complete financial information.  The enclosed Form AO 239 provides Plaintiff with the specific breakdown of expenses that must be disclosed.  When asked for details about expenses and income, Plaintiff must describe how much he spends each month for basic living expenses such as food, clothing, shelter,

---

[5] The Court **DIRECTS** the **CLERK** to enclose Form AO 239, Application to Proceed in District Court Without Prepaying Fees or Costs, stamped with the appropriate case number, with Plaintiff's service copy of this Order.

6

and utilities, and the dollar value of any public or private assistance he may receive. Plaintiff must describe how he gets the money to pay for those expenses (to include income from any family members who may reside with him or contribute to paying his expenses), and he must disclose whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution. Upon receipt of the new motion to proceed IFP, the Court will determine whether Plaintiff should be granted leave to proceed IFP or should be required to pay the $405 filing fee. Of course, should he choose to do so, Plaintiff may simply pay the $405 filing fee within twenty-one days in lieu of submitting a new IFP motion.

## IV.    CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's motion to seal, (doc. no. 2), and **DIRECTS** the **CLERK** to return to Plaintiff the documents he sought to be sealed. The Court further **DENIES WITHOUT PREJUDICE** Plaintiff's request to proceed IFP. (Doc. no. 3.) Using the enclosed forms, Plaintiff must submit a new IFP motion, or pay the $405 filing fee, and must submit a complaint in accordance with the instructions provided above. If Plaintiff fails to comply with the terms of this Order within twenty-one days of the date of this Order, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

**Finally, Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.**

SO ORDERED this 22nd day of May, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7